UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80463-CIV-COHN

U.S. BANK, NATIONAL ASSOCIATION,
as Trustee for the Holders of the Sasco
Aames Mortgage Loan Trust, Mortgage
Pass-Through Certificates, Series 2003-1,

    Plaintiff,

v.

KATHRYN A. LOUIS and
MICHAEL F. LOUIS, et al.,

    Defendants.
_____/

## ORDER REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court upon *pro se* Defendant Michael F. Louis's Motion to Move Case to Federal Court [DE 1], which the Court construes as a Notice of Removal ("Notice"). In the Notice, Louis seeks to remove this home-mortgage foreclosure action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. See DE 1-1 at 14-18 (Compl. to Foreclose Mortgage). As the basis for removal, Louis appears to rely on federal-question jurisdiction. See DE 1 at 1-3; 28 U.S.C. § 1331; see also 28 U.S.C. § 1441(a) (authorizing removal of civil actions in which "the district courts of the United States have original jurisdiction"). But nothing in the Complaint or the Notice shows that Plaintiff's claim is based upon federal law. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint.").[1]  The Court therefore must remand this case to state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The above-styled action is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida;

2. The Clerk of this Court is directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, with reference to Case No. 2011 CA 020426; and

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of May, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Michael F. Louis, *pro se*
184 SW 8th Ave.
Boca Raton, FL  33486

---

[1]  The Notice states that "[t]he security instrument is governed by Federal Law." DE 1 at 1.  Yet the Notice does not explain, and the attached documents do not show, how this creates subject-matter jurisdiction over the foreclosure action.  Also, to the extent Louis is asserting a defense under the Fair Debt Collection Practices Act, that defense does not confer federal jurisdiction either.  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (explaining that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense").  The Court further recognizes that the United States is named as a Defendant in the foreclosure suit due to federal tax liens on the property. While this would permit the United States to remove the case, see 28 U.S.C. § 1444, only Louis has sought removal.  Last, several procedural defects exist with the Notice. See 28 U.S.C. § 1446(a), (b).  Because federal jurisdiction is absent, however, the Court need not elaborate on those issues.

2